
**FILED**
**Nov 21, 2023**
**04:11 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **CHARLES BURDESHAW,** | ) | **Docket No. 2022-03-0262** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SCOTT MANAGEMENT, LLC,** | ) | **State File No. 71846-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMTRUST NORTH AMERICA,** | ) | **Judge Lisa A. Lowe** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court heard Scott Management, LLC's, Motion for Summary Judgment on November 21, 2023. Mr. Burdeshaw did not file a response or participate in the hearing. Scott Management contends no genuine issue of material fact exists because Mr. Burdeshaw cannot meet his burden of proving causation. The Court grants the motion.

### History of Claim

Mr. Burdeshaw worked for Scott Management as an over-the-road truck driver, which required loading and unloading his truck.

From May to August 2021, Mr. Burdeshaw received two injections and treatment for left-shoulder degenerative osteoarthritis with impingement from his personal physician. On September 7, 2021, while loading laptops into a shipping container at Turbo Data Networks, Mr. Burdeshaw felt a sharp pain in his left shoulder and arm. A Turbo Data Networks employee witnessed the incident and emailed Scott Management to report it. Scott Management offered a panel of physicians.

Mr. Burdeshaw selected Dr. Brian Holloway, who diagnosed left rotator cuff strain and biceps tendon rupture with impingement and treated him conservatively. Because of Mr. Burdeshaw's unhappiness with Dr. Holloway, Scott Management gave him a second panel, and Mr. Burdeshaw selected Dr. John Reynolds.

1

Dr. Reynolds ordered an MRI that revealed a rotator cuff tear and biceps tendon rupture that he said was "likely sustained at the time of the injury . . . and [Mr. Burdeshaw] may have significant rotator cuff pathology." Later, however, Scott Management sent Dr. Reynolds a causation questionnaire, and he changed his opinion, responding that he did not believe Mr. Burdeshaw's employment primarily caused his condition.

The Court denied benefits after an Expedited Hearing, since Dr. Reynold's opinion was the only expert medical opinion in the record. Then the Court issued a Scheduling Order requiring medical expert witness depositions to be completed by September 15, 2023.

Mr. Burdeshaw did not take any medical expert witness depositions, which prompted Scott Management to file this motion. In support, Scott Management relies on Dr. Reynolds's causation questionnaire response and the fact that Mr. Burdeshaw has no medical proof relating his injury to his employment.

## Law and Analysis

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. As to the record, Rule 56.04 allows a court to consider only pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Tenn. R. Civ. P. 56.04 (2023).

As the moving party, Scott Management must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Burdeshaw's claim, or (2) demonstrate that Mr. Burdeshaw's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015).

According to section 50-6-102(12), an injury must arise primarily out of and in the course and scope of employment to be compensable. To prove this, an employee must show "by a preponderance of the evidence that the employment contributed to more than fifty percent (50%) in causing the injury considering all causes." Tenn. Code Ann. § 50-6-102(12)(B). This requires an expert medical opinion.

To prove Mr. Burdeshaw's injury did not arise from his employment, Scott Management relies on Dr. Reynolds's letter. Under Rule 56, the Court cannot consider the letter as proof supporting the summary judgment because it is not an affidavit or deposition testimony. Thus, Scott Management has not submitted affirmative evidence that negates Mr. Burdeshaw's claim.

However, Mr. Burdeshaw did not provide any expert medical proof to support

causation in response to the motion for summary judgment. It was his duty to do so. *See* Tenn. R. Civ. P. 56.06 (prohibiting the party opposing summary judgment from relying on "mere allegations" and requiring affidavits or other proof to defend against the motion.). Because he failed to submit any expert medical proof, Scott Management has demonstrated the insufficiency (or non-existence) of Mr. Burdeshaw's causation evidence. Therefore, Scott Management is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Burdeshaw's claim is dismissed with prejudice. The Compensation Hearing set for December 13, 2023, is canceled.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Scott Management, for which execution might issue as necessary. Scott Management shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. Scott Management shall file Form SD-2, Statistical Data form, with the Court Clerk within five business days of this order becoming final.

**ENTERED November 21, 2023.**

*Lisa A. Lowe*
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 21, 2023.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Charles Burdeshaw, Employee | X | X | P.O. Box 1513 Kodak, TN 37764 charlesburdeshaw2@gmail.com |
| Attorney Uzelac Employer's Attorney | | X | jauzelac@mijs.com |

_____*Penny Shrum*_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____     ☐ Employer ☐ Employee

Address: _____     Phone: _____

Email: _____

Attorney's Name: _____     BPR#: _____

Attorney's Email: _____     Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month       Telephone        $ _____ per month

Electricity        $ _____ per month       School Supplies $ _____ per month

Water              $ _____ per month       Clothing         $ _____ per month

Gas                $ _____ per month       Child Care       $ _____ per month

Transportation     $ _____ per month       Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile             $ _____       (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____       (FMV) _____

Other                  $ _____       Describe: _____

11. My debts are:

Amount Owed                      To Whom

_____              _____

_____              _____

_____              _____

_____              _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____